4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Thomas STACK; Henry Henry & Stack, Defendants-Appellees.
 Nos. 92-6345, 92-6528.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 M.D.Tenn., No. 85-00125, Higgins, J.
 M.D.Tenn.
 AFFIRMED.
 BEFORE: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan litigant, Earlene Polyak, appeals from the orders of the district court dated September 23, 1992 (Case No. 92-6345), and October 6, 1992 (Case No. 92-6528). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Case No. 92-6345, Mrs. Polyak is appealing from the district court's order dated September 23, 1992, in which the court denied her "Motion to Set Aside Final Order and Schedule Jury Trial on New Evidence and New Law and Issue Restraining Order Against Transfer of Constitutional and Federal Rights and Interests." In Case No. 92-6528, Mrs. Polyak is appealing from the district court's order dated October 6, 1992, in which the court held that it would no longer accept any further submissions by Mrs. Polyak.
 
 
 3
 Upon review, we find no error. With regard to Case No. 92-6345, Mrs. Polyak cannot possibly contort a claim of legal malpractice into a case for the deprivation of her alleged constitutional rights. Neither Mr. Stack nor his law firm is a "state actor" as required under 42 U.S.C. Sec. 1983. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Second, in Case No. 92-6528, the district court acted well within its discretion by ordering that no further submissions with regard to this litigation would be considered. This court has expressly approved the practice of a district court requiring prolific or vexatious litigants to obtain leave of court before any further complaints will be accepted for filing. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). Mrs. Polyak has caused over fifty actions to be considered by this court on appeal. That number is evidence of the volume of prolific and vexatious litigation faced by the district court. Accordingly, it cannot be said that the district court in any way abused its discretion by ordering that no further submissions would be considered by the court.
 
 
 4
 Accordingly, the orders of the district court dated September 23, 1992, and October 6, 1992, are hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the appeal be considered en banc is denied. Furthermore, no further submissions by Mrs. Polyak with regard to petitions for rehearing or reconsideration will be accepted by this court, and the Clerk is hereby ordered to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.